FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 23, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CANDICE V., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, Commissioner of Social Security, <br><br> Defendant. | No.   1:20-cv-03236-SMJ <br><br> **ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiff C.V. appeals the Administrative Law Judge's (ALJ) denial of her application of disability benefits. She alleges that the ALJ erred by (1) improperly evaluating the medical opinion evidence; (2) failing to conduct an adequate evaluation at step three; (3) rejecting Plaintiff's subjective complaints; and (4) failing to conduct an adequate analysis at step five. ECF No. 19. Defendant disputes these contentions and asks the Court to affirm the ALJ's determination. ECF No. 20.

Before the Court, without oral argument, are the parties' cross-motions for summary judgment. ECF Nos. 19–20. After reviewing the administrative record, the parties' briefs, and the relevant legal authority, the Court is fully informed. For the reasons discussed below, the Court remands to the Social Security

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 1

Administration for additional proceedings.

## PROCEDURAL HISTORY[1]

Plaintiff protectively filed for disability on June 5, 2018, alleging an onset date of July 13, 2016. AR 15, 178. Plaintiff's application was denied on October 18, 2018 and denied again upon reconsideration. AR 15. Thereafter, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On September 23, 2020, ALJ Chris Stuber held a hearing and subsequently issued an unfavorable decision. AR 15–23. Plaintiff petitioned the Appeals Counsel for review of the ALJ's decision, and the Appeals Council denied review on October 13, 2020. AR 1–3. Plaintiff now petitions this Court for review of the ALJ's decision denying disability benefits. ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined, for the purposes of receiving disability insurance benefits, as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

---

[1] The facts of the case are set forth in the administrative record and the parties' briefs. *See* ECF Nos. 12, 19, 20, 21. The parties have discussed any additional relevant facts in their briefing. *See generally id.* The Court thus provides only a short procedural summary here.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 2

The ALJ uses a five-step sequential evaluation process to determine whether a claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ considers the claimant's work activity, if any. 20 C.F.R. §§ 404.1520(a)(4)(i), (b), 416.920(a)(4)(i), (b). If the claimant is doing any substantial gainful activity, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant is not doing any substantial gainful activity, the evaluation proceeds to step two.

At step two, the ALJ considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(ii), (c), 416.920(a)(4)(ii), (c). If they do not have a severe medically determinable physical or mental impairment that meets the twelve-month duration requirement in Section 404.1509, or a combination of impairments that is severe and meets the duration requirement, the ALJ will find the claimant not disabled and deny their claim. *Id*. If the claimant does have a severe physical or mental impairment, the evaluation proceeds to step three.

At step three, the ALJ also considers the medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(iii), (d), 416.920(a)(4)(iii), (d). If they have an impairment(s) that meets or equals one of the Social Security Administration's listings in appendix 1 of this subpart and meets the duration requirement, the ALJ will find the claimant disabled. *Id*.; 404 Subpt. P App. 1. If

their impairment(s) does not meet or equal a listed impairment, the evaluation proceeds to step four.

At step four, the ALJ considers the claimant's residual functional capacity and their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (e), 416.920(a)(4)(iv), (e). If they can still do their past relevant work, the ALJ will find the claimant not disabled and deny their claim. *Id*.; *see also* §§ 416.920(f), (h), 416.960(b). If they cannot, the evaluation proceeds to step five.

At the fifth and final step, the ALJ considers the claimant's residual functional capacity and their age, education, and work experience to see if they can adjust to other work. 20 C.F.R. §§ 404.1520(a)(4)(v), (f), 416.920(a)(4)(v), (f). If they can adjust to other work, the ALJ will find the claimant not disabled and deny their claim. *Id*. If they cannot, the ALJ will find the claimant disabled and grant their claim. *Id*.; *see also* §§ 404.1520(g), (h), 404.1560(c).

The burden shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). If the claimant makes such a showing, the burden then shifts to Defendant to show work within the claimant's capabilities. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984); *see also* SSR 13-2P, 2013 WL 621536, at *4 ("The claimant has the burden of proving disability throughout the sequential evaluation process. Our only burden is limited to

producing evidence that work the claimant can do exists in the national economy at step 5 of the sequential evaluation process."). To find a claimant disabled, their impairments must not only prevent them from doing their previous work, but also (considering their age, education, and work experience) prevent them from doing any other substantial gainful work that exists in the national economy. *Id.*; 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## ALJ FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 5, 2018, the date she applied for benefits. AR 17.

At step two, the ALJ found that Plaintiff suffered from severe impairments, including: cervical spine disorder, loss of lordosis, right shoulder impingement, status post rotator cuff repair, and subsequent arthropathy. *Id.*

At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meet or medically equals the severity of one of the listed impartments." *Id.*

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b) and has no past relevant work. AR 18, 21.

At step five, the ALJ found that Plaintiff could perform other work existing in significant numbers in the national economy and thus was not disabled. AR 22.

Based on the ALJ's determination that Plaintiff has the residual functional capacity to perform light work subject to certain limitations, the ALJ determined that Plaintiff could perform the requirements of representative occupations such as office helper, collator operator, and furniture rental consultant. AR 22.

## STANDARD OF REVIEW

Reviewing courts must uphold an ALJ's disability determination if it applied the proper legal standards and supported its decision with substantial evidence in the record. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), *superseded by regulation on other grounds*. "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The ALJ must base its determination on "more than a mere scintilla" of evidence, *id.* at 1154, but need not support its decision by a preponderance of the evidence. *Molina*, 674 F.3d at 1111. If the evidence supports more than one rational interpretation, and the ALJ has supported its decision with inferences drawn reasonably from the record, the Court must uphold its decision. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

Moreover, the Court will not reverse an ALJ's decision if it committed

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 6

harmless error. *Molina*, 674 F.3d at 1111. The burden to show harmful error lies with the party challenging the ALJ's determination. *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## DISCUSSION

**A.    Medical opinion evidence**

The Ninth Circuit recognized a hierarchy among the sources of medical opinions, known as the treating physician rule or the treating source rule, for claims filed before March 27, 2017.[2] *Murray v. Heckler*, 722 F.2d 499 (9th Cir. 1983); *see also* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829 (2003). Specifically, the ALJ must articulate "specific and legitimate reasons supported by substantial evidence in the record" in order to "reject the treating doctor's ultimate conclusions" when the treating doctor's opinion was contradicted by another doctor, or "clear and convincing reasons" if it was not. *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

In 2017, the Commissioner promulgated new regulations, effective for claims filed on or after March 27, 2017, such as Plaintiff's. *See* 20 C.F.R. § 404.1520c. These regulations make several changes which are relevant here. For instance, the regulations alter the definition of "medical opinion" and the way that the ALJ

---

[2] The regulations were updated in 2017 to eliminate this hierarchy for new claims. *See* 20 C.F.R. § 404.1520c.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 7

considers and articulates their consideration of medical opinions. 20 C.F.R. § 404.1520c(a)–(c). The ALJ now considers the persuasiveness of a medical opinion using five factors: (1) supportability; (2) consistency; (3) relationship with claimant;[3] (4) specialization; and (5) other. 20 C.F.R. § 404.1520c(c). Because the first two factors are the most important, the ALJ *must* articulate their analysis as those two factors. 20 C.F.R. § 404.1520c(b)(2). The new regulations eliminate the hierarchy of medical opinions and the treating physician rule. 20 C.F.R. § 404.1520c(a); *see also* 82 Fed. Reg. at 5853.

### 1. Brady Moss, ARNP

Plaintiff argues that the ALJ improperly evaluated the medical opinion of Plaintiff's treating provider, ARNP Brady Moss ("ARNP Moss"). ECF No. 19 at 9–14. At the hearing, the ALJ heard testimony from ARNP Moss, who opined that Plaintiff is limited to sedentary work. AR 21. In finding ARNP Moss' opinion unpersuasive, the ALJ stated:

> The medical evidence does not support his opinion since the June 2019 surgery. Treatment notes show progressive improvement in symptoms and overall functioning of the right upper extremity. She demonstrated full strength and near full right shoulder range of motion. She otherwise displayed relatively benign exam findings.

AR 21.

---

[3] This factor encompasses several subfactors, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and the existence of an examining relationship. 20 C.F.R. § 404.1520c(c)(3)

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 8

Plaintiff submits that the ALJ erred in failing to mention two instances in which ARNP Moss treated Plaintiff and found her severely limited in her right upper extremity and opined that Plaintiff is restricted to sedentary work with no grasping or performance of fine motor movements with the right hand. In the first of these instances, on September 26, 2017, Plaintiff presented to ARNP Moss for a disability examination, the results of which showed right shoulder tenderness, moderate pain with motion, decreased sensation to her right hand, severe limitations in right shoulder abduction, extension, and an inability to do full anterior extension. AR 379. ARNP Moss then filled out a Documentation Request Form for Medical of Disability Condition. AR 253–55. On the Form, ARNP Moss limited Plaintiff to sedentary work, noting that Plaintiff has a "severe limitation in [right upper extremity] and is 'unable to lift, carry, push, pull > 10 lbs,' and is 'unable to perform fine motor movements in [right] hand.'" AR 253. In the second instance, on September 20, 2018, Plaintiff again presented to ARNP Moss for examination, the results of which showed similar limitations. AR 265. ARNP Moss diagnosed Plaintiff with severe right shoulder impingement and again opined that Plaintiff is limited to sedentary work, noting that Plaintiff had exhausted all medical treatments and reached maximum medical improvement. AR 262–63.

After these examinations, Plaintiff underwent surgery in June of 2019. AR 21. Several months later, in September of 2019, Plaintiff again presented to ARNP

Moss for a disability examination. AR 456. ARNP Moss again opined that Plaintiff had severe limitations in her right upper extremity and other resulting limitations and limited Plaintiff to sedentary work. AR 456–57. In May 2020, ARNP Moss completed a medical source statement, diagnosing Plaintiff with chronic impingement of her right shoulder, noting radiating pain, and opining that Plaintiff has a poor prognosis to improve and that requiring Plaintiff to regularly use her right upper extremity may worsen her condition. AR 531. He further opined that Plaintiff is "severely limited," meaning that Plaintiff is unable to perform the demands of even sedentary work. AR 532.

The Court agrees with Plaintiff that the ALJ failed to sufficiently articulate a supporting explanation for discounting ARNP Moss' assessment due to Plaintiff's improvement after surgery. First, the medical record is replete with conflicting evidence regarding the extent of Plaintiff's improvement following her surgery. On one hand, medical notes prepared by Doctor Roy Pierson on September 24, 2019 attest that Plaintiff has a near full range of motion in her right shoulder and impingement testing was negative. AR 514. But physical therapy notes from October 25, 2019 indicate that Plaintiff continues to suffer from ongoing discomfort and "continues to be limited with heavy stressed activities for right upper extremity and to her low back." AR 503–04.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 10

On this point, the Court notes that the ALJ did not explain why these notes were more persuasive than ARNP Moss' and other providers' post-surgery medical notes indicating continued restrictions in Plaintiff's upper right extremity. The Court also remarks that ARNP Moss was Plaintiff's treating provider before Plaintiff's alleged onset date, and his treatment notes have remained consistent throughout his treatment of Plaintiff. The Court also notes that the ALJ did not provide a reason for discounting ARNP Moss' medical opinion prior to Plaintiff's June 2019 surgery, as Plaintiff alleges an onset date almost three years prior to her surgery. Here, the Court agrees with Plaintiff that the ALJ failed to adequately explain the supportability and consistency of ARNP Moss' medical opinion, and the Court remands on this basis. *See* 20 C.F.R. § 404.1520c(b)(2).

**B.    The ALJ did not provide an adequate explanation at step three**

At step three, the ALJ found that Plaintiff's impairments did not satisfy the requirements of any listing. AR 17–18. At this step, Plaintiff contends that the ALJ erred by "fail[ing] to cite any evidence or conduct any evaluation" in finding that Plaintiff's impairments do not meet or medically equal any listing. ECF No. 19 at 14.

Plaintiff bears the burden of proving that she suffers from an impairment that meets or equals the criteria of a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). To do so, Plaintiff must "specify which listing she believes she

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 11

meets or equals," and must "set forth [] evidence which would support the diagnosis and findings of a listed impairment." *Id.* "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment" does not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001).

Here, the ALJ considered Listings 1.02 and 1.04, and the effects of Plaintiff's obesity. AR 17. In determining Plaintiff's impairments failed to satisfy these listings, the ALJ stated:

> The undersigned considered the claimant's impairments under listings 1.02, 1.04 and the effects of obesity pursuant to SSR 19-2p. However, the record does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any listed impairment and no acceptable medical source designated to make equivalency findings has concluded that the claimant's impairment(s) medically equal a listed impairment. The claimant's right upper extremity impairment does not result in an inability to perform fine and gross movements effectively. There is no evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication resulting in an inability to ambulate effectively.

AR 22.

This articulation is insufficient for the Court to meaningfully evaluate whether the ALJ's finding is supported by substantial evidence. "[I]n determining whether a claimant equals a listing under step three of the Secretary's disability evaluation process, the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). At this Step, other than noting that the evidence does not

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 12

show nerve root compression and other ailments, the ALJ did not explain why Plaintiff's right upper extremity prevents her from performing fine and gross motor movements effectively.

Defendant submits that the ALJ's explanation at this step was sufficient because he adequately discussed the evidence and explained his findings at later steps. *See* Lewis, 236 F.3d at 513 ("*Marcia* simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under [a specific heading]).".

After review of the ALJ's decision and both parties' briefing, it is entirely unclear to the Court what is required to establish either listing or whether Plaintiff's impairments establish the requirements. The ALJ simply noted that he "considered the claimant's impairments under listings 1.02, 1.04" and that "the record does not establish the medical signs, symptoms, laboratory findings or degree of functional limitation required to meet or equal the criteria of any listed impairment." AR 22. Yet at no point does the ALJ discuss the criteria or how Plaintiff's impairments relate to the criteria. Defendant's argument that the ALJ adequately discussed his findings at step four is unavailing, as nowhere in the ALJ's discussion, either at step three or step four, does he indicate the specific criteria for either listing, which subparts he considered, or how Plaintiff's impairments relate to the criteria. As such, the Court cannot meaningfully review the ALJ's findings at this step and

certainly cannot say the ALJ's decision is supported by substantial evidence. To be sure, the Court does not express any opinion as to whether Plaintiff satisfies either listing. On remand, the ALJ shall list the relevant criteria for both listings and shall discuss how Plaintiff's impairments relate to each relevant requirement.

**C.     Assessment of Plaintiff's subjective complaints**

Next, Plaintiff assigns error to the ALJ's decision to discount Plaintiff's own subjective symptom testimony. ECF No. 19 at 15. Defendant contends the ALJ gave four clear and convincing reasons for discounting Plaintiff's subjective symptom testimony. ECF No. 20 at 14.

Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of his symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The ALJ's findings must be sufficient "to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In evaluating the claimant's credibility, the "ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). The Court may

not second guess the ALJ's credibility findings that are supported by substantial evidence. *Tommasetti*, 533 F.3d at 1039.

Here, the ALJ provided four reasons for discounting Plaintiff's subjective symptom testimony: (1) Plaintiff's allegations were inconsistent with the medical record, (2) several evaluations, both pre-and-post surgery, show Plaintiff's physical impairments were not as limiting as she asserts, (3) Plaintiff's pursuit of a teaching degree undermined her allegation that she was unable to work, and (4) that Plaintiff's limited work history undermines the persuasiveness of her allegations that his impairments prevent her from working because they suggest Plaintiff has simply chosen not to work. AR 21–24.

As to the first two reasons, the ALJ found that despite Plaintiff's complaints, the medical record, as early as September of 2018, reflected "normal exam findings," except that Plaintiff had a severely reduce range of motion in her right shoulder. AR 19. The ALJ also noted that in October of 2018, Plaintiff's medical exam revealed that she was able to "pick up a coin, manipulate a button, and turn a knob using either hand," and that Plaintiff "had a normal exam of the spine and negative straight leg raise." AR 19; AR 384–92. However, by April 2019, images of Plaintiff's cervical spine "showed loss of cervical lordosis over the C5-6 disc level" and "severely reduced right shoulder range of motion." AR 19.

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 15

Then, in June of 2019, Plaintiff underwent arthroscopy of the right shoulder, and the ALJ found that "[t]reatment notes post-surgery shows improvement in symptoms. AR 20. The ALJ supported this finding with four specific instances where Plaintiff's medical records show improvement in symptoms, though the Court notes that several post-surgery medical records suggest otherwise. *See, e.g.*, AR 503–04. Given this, and in light of the Court's determination that the ALJ improperly discounted ARNP Moss opinion that Plaintiff experienced ongoing limitations, it is also appropriate on remand for the ALJ to reconsider this determination in light of the record as a whole.

As to the second justification for discounting Plaintiff's subjective symptom testimony, the ALJ found that Plaintiff's pursuit of a teaching degree undermined Plaintiff's complaints regarding the extent of her disability. AR 21. ("One would not expect that a person would put in the time, effort, and money to obtain such a degree if the person subjectively thought they were unable to use it."). Here, the Court agrees with Defendant that the ALJ properly discredited Plaintiff's complaints on this basis, as Plaintiff's college pursuits are inconsistent with the degree of disability she alleges. *See Mordean L. v. Comm'r of Soc. Sec.*, No. 19-CV-277-FPG, 2020 WL 6886557, at *4 (W.D.N.Y. Nov. 24, 2020) (finding that the ALJ properly considered the claimant's college attendance as evidence that the claimant was not completely disabled); *see also Molina v. Astrue*, 674 F.3d 1104,

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 16

1113 (9th Cir. 2012) ("Even where [] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (superseded on other grounds by 20 C.F.R. § 404.1502(a)). Here, the Court notes that Plaintiff first alleged an inability to work in 2013 yet was attending college at the time of the ALJ's decision. AR 18–19; AR 195. The Court commends Plaintiff for pursuing a teaching degree, but it agrees with the ALJ that Plaintiff's ability to attend college and her desire to become a teacher rebut her claims of an inability to work at all.

The ALJ's final justification is insufficiently explained and the ALJ should reconsider this factor on remand. Specifically, the ALJ determined that Plaintiff's limited work history made it "difficult to correlate her current unemployment with disability, as opposed to other reasons." AR 21. Given this limited explanation, it is not clear to what extent Plaintiff's injuries may have affected her minimal work history, as opposed to other reasons. As such, the Court does not find this justification sufficiently specific, clear, and convincing.

**D.    The Court need not evaluate the ALJ's step five analysis**

Given the deficiency in the ALJ's decision identified above, the Court need not evaluate the ALJ's conclusions at step five, which will necessarily depend on the outcome of the preceding steps.

//

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 17

**E.     Remand, rather than an award of benefits, is appropriate**

The Court declines to reverse for an immediate award of benefits. The Court cannot determine that remand would only delay an award to Plaintiff. *Cf. Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). The Court therefore remands so that an ALJ may make a determination based on further proceedings consistent with this Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 19**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 20**, is **DENIED**.

3. The Clerk's Office shall **ENTER JUDGMENT** for **PLAINTIFF** and **CLOSE** the file.

4. This matter shall be **REMANDED** to the Social Security Administration for further proceedings consistent with this order.

**IT IS SO ORDERED.** The Clerk's Office shall enter this Order and provide copies to all counsel.

**DATED** this 23rd day of May 2022.

*[signature]*

SALVADOR MENDOZA, JR.
United States District Judge

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT – 18